UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONNIE CARTER,

         Plaintiff,

vs.

STATE OF FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, and AGENCY
FOR PERSONS WITH DISABILITIES,

         Defendants.

Case No. 6:19-cv-01665-PGB-DCI

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Bonnie Carter, by way of Complaint against the State of Florida Department of Children and Families ("DCF") and Agency for Persons With Disabilities ("APD"), hereby alleges as follows:

## INTRODUCTION

1. The claims set forth herein arise out of a series of tortious acts perpetrated by agents of DCF and APD against Bonnie Carter regarding the guardianship action and treatment of her son, Andrew Bromberg.

2. DCF through its agents, reported false and defamatory information against Plaintiff regarding Plaintiff's treatment of her son, who has autism, to the Circuit Court in and for Volusia County, Florida.

3. These false reports caused Plaintiff to be removed from guardianship of her son and to be barred from contact with her son.

4. Andrew Bromberg, based on the reports of DCF, was removed from his mother's care and placed in a group home under DCF supervision. Plaintiff during her visits with her son has noticed his declining health and has suffered emotional distress as a result.

5. Plaintiff has also suffered financial loss as a result of the Defendants' actions.

6. Defendants have violated Plaintiff's civil rights.

## JURISDICTION OF THE COURT

7. This court has jurisdiction over this matter under 28 U.S.C. § 1331 because the claims asserted arise under Federal Law, specifically 42 U.S.C. § 1983.

8. This court has jurisdiction over DCF and APD because they are agencies of the State of Florida operating in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. (c)(2) as both Defendants are present in the State of Florida and the actions giving rise to the claims occurred in the state of Florida.

## PARTIES

10. Plaintiff, Bonnie Carter, is a resident of Volusia County, Florida. Plaintiff is a citizen of the United States of America.

11. Defendant DCF is an agency of the State of Florida, headquartered in Tallahassee, Florida with regional offices in Volusia County, Florida.

12. Defendant APD is an agency of the State of Florida, headquartered in Tallahassee, Florida with regional offices in Volusia County, Florida.

## FACTUAL ALLEGATIONS

13. Beginning in 1997, DCF has engaged in a repeated pattern of making false and defamatory accusations against Bonnie Carter, resulting in her son, Andrew Bromberg, being removed unlawfully from her care.

14. In 1997, a behaviorist with DCF names Haydee Toro reported that Bonnie Carter was abusing and neglecting her son based on the fact that he was not fully toilet trained. This report was made knowing that Andrew Bromberg suffers from autism and is therefore developmentally disabled.

2

15. Agents for DCF at this time also accused Bonnie Carter of having Munchhausen by Proxy. Despite this accusation, no evaluation of Ms. Carter by any trained medical professional found that she suffered from Munchhausen.

16. Despite no medical evidence produced by DCF against Ms. Carter, and based solely on DCF's recommendations, the Circuit Court in and for Broward County, Florida removed Andrew Bromberg from Bonnie Carter's home for 16 months and placed him in a group home.

17. While placed in the group home, Andrew's health declined significantly, which caused great emotional distress to Ms. Carter.

18. After a mediated settlement and repeated evaluations concluded that Ms. Carter did not have Munchhausen by Proxy, Andrew was returned to her home.

19. After he was returned home, DCF kept an active investigation open for three years and used this investigation to harass and intimidate Ms. Carter relating to her care of Andrew.

20. During that three-year period, agents of Defendant APD continued to make false and defamatory accusations against Ms. Carter.

21. After three years of harassment, the Circuit Court in and for Volusia County, Florida finally terminated the protective services case.

22. In 2007, sometime after the termination of the protective services case, a care provider from APD made a false report of sexual abuse. Even though there were no observations of any abuse, and the APD agent was not even present when the alleged conduct occurred, the Court moved Andrew to Swan House in Deltona, Florida under DCF supervision.

23. While residing at Swan House, Andrew lost significant weight, was over medicated, became totally incontinent, and fractured his kneecap.

24. In a 2018 proceeding, Andrew Strickland, an employee of Swan House, stated that while at Swan House under DCF supervision, Andrew was sexually abused. He was returned

home a year later.

25. Bonnie Carter attempted to apply for services and benefits for Andrew through DCF and APD, as well as the State Medicaid program. She was repeatedly denied these benefits by APD, despite Andrew meeting all of the qualifications for services, and Bonnie Carter obtaining the licenses she needed to provide those services.

26. APD Regional Director Leslie Richards was active in the denials of services for Andrew, and only after court challenges by Peter Bromberg, Andrew's father and guardian at that time, and Bonnie Carter, were the services approved.

27. APD agent Richards continued to impede Ms. Carter in providing services for her son by denying her the right to bill Medicaid for services for Andrew, despite Ms. Carter having fulfilled all of the requirements.

28. In 2016, after years of obstruction and harassment from DCF and APD, Bonnie Carter took over guardianship for Andrew Bromberg in the Volusia County Courts. She was appointed as his plenary guardian of person and property.

29. The abusive conduct from DCF continued because even though she was the court appointed guardian, all of her actions were monitored and had to be approved by DCF.

30. APD agent Richards continued to publish false information in her annual reports to the state regarding Andrew's care.

31. Based on these false reports in 2018, the Court revoked Ms. Carter's Letters of Guardianship, removed Andrew from her care, and placed him in a group home in Jacksonville, Florida.

32. Ms. Carter has only been allowed brief, supervised visits with her son.

33. Ms. Carter attempted to contest the revocation of her guardianship through the courts, but was blocked by DCF and the false reports upon which they relied.

4

34. Ms. Carter even requested that a non-profit corporation, Creative Living, Inc. to take over Andrew's guardianship.

35. The court then appointed a professional guardian that was recommended by DCF over Andrew over the objections of the competing petitioner.

36. The professional guardian, Jo Lisa Byers, has continued to follow the directions of DCF, and restricted Ms. Carter's access to her son to one supervised visit per month.

37. Andrew Bromberg has suffered physically and emotionally since his removal from his mother's care.

38. Ms. Carter has observed both the physical changes and the decrease in mental function in her son since he was removed, and these observations have caused her substantial distress.

39. Ms. Carter has suffered short term memory loss, difficulty breathing, and other physical injuries caused by the observation of DCF's treatment of her son.

**COUNT 1:  DEFENDANTS HAVE VIOLATED PLAINTIFFS CIVIL RIGHTS**

40. United States law places the relationship between a parent and child in high regard.

41. The United States Code sets forth certain rules and regulations regarding removal of children and placement that state agencies must follow to qualify for federal funding.

42. 42 U.S.C. § 671(15)(B) states that reasonable efforts shall be made to preserve families.

43. 42 U.S.C. § 1983 states that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

5

proper proceeding for redress."

44. Through its actions stated above, DCF has violated Federal Law by not taking any measures to protect Plaintiff's parental rights.

45. Additionally, DCF's actions have violated Plaintiff's civil rights and caused her physical and financial harm, including loss of income, legal fees, and other costs.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment against Defendants, DCF and APD for monetary damages in the amount of $1,250,000.00 and enjoining DCF from further restricting contact between Plaintiff and her son, Andrew Bromberg, and ordering that Andrew Bromberg be released from DCF supervision to Plaintiff.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all issues triable to a jury.

Senior Counsel, Attorneys at Law, PA

*/s/  James Adam Owens*
James Adam Owens
Florida Bar No. 70199
2318 Park Street
Jacksonville, Florida 32204
Phone: (904) 619-8890
Fax: (904) 683-8250

aowens@seniorcounsellaw.com
Counsel for Plaintiff